[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2010
JOHN LEY
CLERK

_____

No. 09-12926

_____

D. C. Docket No. 08-00276-CV-5-RS-MD

MELINDA CHURCHILL,

Plaintiff-Appellant,

versus

CITY OF PANAMA CITY BEACH FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 31, 2010)

Before TJOFLAT, CARNES and COX Circuit Judges.

PER CURIAM:

Melinda Churchill appeals the district court's entry of summary judgment against her and in favor the City of Panama City Beach on her claims of gender discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e, et seq. Because the parties are fully aware of the evidence and procedural history of the case, and in view of our more detailed discussion of the issues at oral argument, we will be brief.

On the gender discrimination claim, we agree with the district court that Churchill failed to establish a prima facie case of disparate disciplinary treatment. None of the male comparators she points to engaged in misconduct that was even substantially similar, much less nearly identical, to hers. Officer Boyer, who received a lesser punishment than Churchill, would have been a nearly identical comparator but for the fact that he recanted his false testimony when given an opportunity to do so. Churchill, when given the same opportunity, failed to recant. We note here, as we did during the oral argument, that it matters not whether Churchill was telling the truth or lying. What matters is whether the decisionmakers in good faith believed that she was lying, and there is no evidence that they did not. Alternatively, for the same reason, there is no genuine issue of material fact about the City's proffered non-discriminatory reason for firing her: she did not recant her false testimony when given a chance.

2

On the retaliation claim, we are unconvinced by Churchill's argument that her refusal to recant her testimony was opposition to discrimination against Corporal Miller-Goodwin. Lying is not protected conduct and, in any event, there is no evidence at all that any of the decisionmakers knew that the reason she refused to correct her testimony was her desire to oppose discrimination. See Brungart v. BellSouth Telecommunications, Inc., 231 F.3d 791, 798-800 (11th Cir. 2000) (holding that even where there is close temporal proximity, summary judgment should be granted on a claim of retaliation where there is no evidence that the decisionmaker was aware that the plaintiff had engaged in any protected conduct).

**AFFIRMED.**